```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
```

M. A. R.,[1] an infant by his mother and natural
guardian, DEVORAH REISZ,

        Plaintiff,

  -v-                                                        No. 09 Civ. 1727 (LTS)

UNITED STATES OF AMERICA and
BETH ISRAEL MEDICAL CENTER,

        Defendants.

```
-------------------------------------------------------x
```

## MEMORANDUM OPINION AND ORDER

In this action arising out of the allegedly negligent prenatal care, delivery and post-natal care of "M.A.R." ("Plaintiff"), M.A.R., by his mother and natural guardian Deborah Reisz ("Reisz"), asserts claims against defendant United States of America ("Defendant" or the "Government") for medical malpractice and lack of informed consent. Plaintiff also asserts claims against defendant Beth Israel Medical Center ("Beth Israel") for medical malpractice, lack of informed consent, and spoliation of records. The Court has subject matter jurisdiction of the claims asserted against the Government pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), and of the claims asserted against Beth Israel pursuant to 28 U.S.C. § 1367(a). The Government has moved to partially dismiss the Amended Complaint, asserting that Plaintiff has failed to exhaust

---

[1]    In accordance with Federal Rule of Civil Procedure 5.2, the Court uses only the initials of the infant plaintiff. The Clerk of Court is directed to change the caption in the Court's records to reflect the infant Plaintiff's initials only. The parties are directed to use such initials only in their future filings, and Plaintiff is directed to re-file redacted versions of the Complaint and Amended Complaint, the originals of which will be filed under seal.

administrative remedies with respect to the lack of informed consent claim asserted against it.[2]  The Court has considered the parties' submissions thoroughly.  For the following reasons, the Government's motion is granted.

BACKGROUND

The following facts are alleged in the Amended Complaint ("Am. Compl.") and are taken as true for purposes of this motion practice.  See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 189 (2d Cir. 2007).  Reisz appeared for prenatal care at ODA Primary Health Center, Inc. ("ODA"), a federally funded health care facility, on August 2, 2001.  (Am. Compl. ¶ 19.)  She had approximately five prenatal care visits at ODA before she went into pre-term labor and was admitted at Beth Israel on November 19, 2001.  (Id. ¶ 20.)  Reisz gave birth to M.A.R. by Caesarian section that day.  (Id.)  Dr. Richard M. Wind ("Dr. Wind"), an ODA employee, provided prenatal care to Reisz and delivered M.A.R.  (Id. ¶¶ 13-14.)  M.A.R. suffered permanent injuries, including brain damage, cerebral palsy, "global development delays and the inability to walk, crawl, stand, sit or roll over."  (Id. ¶ 21.)

Reisz, upon learning through her attorneys that ODA was a federally funded clinic covered by the Federal Tort Claims Act (id. ¶ 24), submitted a Standard Form 95 Claim for Damage, Injury or Death in September 2008 (the "Administrative Claim") (id. ¶ 25; Anagnos Decl., Ex. A).  In the Administrative Claim, Reisz described the basis of her claim as follows:

> Defendant, by its facility known as ODA Primary Health Care Center, and its employee, Richard Wind, MD, committed medical malpractice and negligence by, but not limited to, failing to provide proper prenatal care; failure to timely arrive at the hospital and or/consult with a hospital attending; failure to timely and properly examine the patient and her condition; failure to timely and properly diagnose and treat preterm labor; failure to take all the medically necessary, indicated and warranted measures to prolong

---

[2]  Defendant Beth Israel has not moved to dismiss the claims asserted against it in the Amended Complaint.

>  the pregnancy to avoid extreme prematurity; failure to timely and properly provide labor & delivery care and treatment; failing to timely perform [Caesarian section]; failure to prevent extreme prematurity and birth asphyxia; failure to timely and properly provide necessary and indicated neonatal care and treatment at the facilities owned by [ODA and Beth Israel].

(Anagnos Decl., Ex. A.) The Administrative Claim was denied on timeliness grounds in October 2008. (Anagnos Decl., Ex. B.) Plaintiff initiated this action on February 24, 2009. (Docket entry no. 1.)

## DISCUSSION

The Federal Tort Claims Act ("FTCA") provides that,

> the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C.A. § 1346(b) (West 2006). A plaintiff must exhaust her administrative remedies, pursuant to the FTCA's presentment requirement, before asserting a FTCA claim in a federal district court.[3] An administrative claim filed pursuant to the FTCA "must provide enough information to permit the agency to conduct an investigation and to estimate the claim's worth." Romulus v. United States, 160 F.3d 131, 132 (2d Cir. 1998). The "mere act of filing a [Notice of Claim] does not necessarily fulfill the presentment requirement of § 2675(a)." Id. Rather, the claim "must be specific enough to serve the purpose of the FTCA to enable the federal government to expedite the fair settlement of tort claims." Id. The presentment requirement is jurisdictional and cannot be waived. Adams v. U.S.

---

[3] "An action shall not be instituted upon a claim against the United States for money damages for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency . . ." 28 U.S.C.A. § 2675(a) (West 2006).

Dep't of Hous. and Urban Dev., 807 F.2d 318, 321 (2d Cir. 1986).

The Government argues that Plaintiff failed to provide adequate notice in her Administrative Claim of the allegation that a lack of informed consent was a proximate cause of Plaintiff's injuries.[4] The Court's analysis of whether Plaintiff satisfied the presentment requirement for this claim thus requires consideration of the elements of a lack of informed claim under New York law.

To sustain a lack of informed consent claim under New York law, a plaintiff must plead that the defendant failed to disclose to her the material risks, benefits and alternatives to the procedure which would have been disclosed by a reasonable medical practitioner; that a reasonably prudent person in the patient's circumstances would have refused to undergo the treatment if reasonably informed of the significant perils; and that the lack of informed consent was the proximate cause of the injury or condition for which recovery is sought. Avakian v. United States, 739 F. Supp. 724, 731 (N.D.N.Y. 1990); see generally N.Y. Pub. Health L. § 2805-d. "The cause of action is not based on any theory of negligence but is an offshoot of the law of assault and battery . . . its application has consistently been limited to those situations where the harm suffered arose from some affirmative violation of the patient's physical integrity such as surgical procedures, injections or invasive diagnostic tests." Karlsons v. Guerinot, 57 A.D.2d 73, 81-82 (2d Dep't 1977).

A cause of action for lack of informed consent will not lie when the defendant's alleged failure to provide the plaintiff with adequate information causes the plaintiff to forego a medical procedure that could have prevented an injury.  Rather, the cause of action depends upon the

---

[4]  It is undisputed that ODA is eligible for FTCA malpractice coverage and that the Government is therefore the proper defendant with respect to Plaintiff's claims arising out of ODA's omissions or commissions. (Anagnos Decl. ¶ 7.)  The Government does not contest that the Administrative Claim satisfied the presentment requirement with respect to Plaintiff's medical malpractice claim.

defendant physically performing a procedure, which the plaintiff would have refused had she been appropriately informed and which subsequently injures the plaintiff. See N.Y. Pub. Health. L. § 2805-d (McKinney 2007) ("2. The right of action to recover for medical . . . malpractice based on a lack of informed consent is limited to those cases involving either (a) non-emergency treatment, procedure or surgery, or (b) a diagnostic procedure which involved invasion or disruption of the body. 3. For a cause of action therefore it must also be established that a reasonably prudent person in the patient's position would not have undergone the treatment or diagnosis if he had been fully informed and that the lack of informed consent is a pragmatic cause of the injury or condition for which recovery is sought."); Karlsons v. Guerinot, 57 A.D.2d at 82 ("[A] cause of action based upon this theory of liability exists only where the injury suffered arises from an affirmative violation of the patient's physical integrity and, where nondisclosure of risks is concerned, these risks are directly related to such affirmative treatment."); see also Keselman v. Kingsboro Medical Group, 156 A.D.2d 334, 335-36 (2d Dep't 1989) ("The plaintiffs also alleged . . . that there was a lack of informed consent on the part of the mother, as she might have opted for other medical procedures had she been informed of the infant's abnormality . . . [this claim was] properly dismissed since the wrong complained of did not arise out of some affirmative violation of the plaintiff mother's physical integrity.").

    In the absence of direct Second Circuit guidance on whether an administrative claim alleging negligent medical malpractice inherently satisfies the presentment requirement for a lack of informed consent claim under New York law, Plaintiff urges the Court to follow Frantz v. United States, in which the Fifth Circuit held that "[b]y its very nature, the informed consent claim is included in the Frantzes' allegation of negligence in their administrative claim." Frantz v. United States, 29 F.3d 222, 224 (5th Cir. 1994). However, the Frantz court relied in part on the particular

nature of a lack of informed consent claim under Texas law, which sounds in negligence rather than battery. Id. Moreover, the four other circuit courts that have considered the issue have expressly held that a lack of informed consent claim does not inhere in an administrative claim alleging negligent medical malpractice. See Staggs v. United States, 425 F.3d 881, 883 (10th Cir. 2005), Goodman v. United States, 286 F.3d 1048, 1056 (9th Cir. 2002), Murrey v. United States, 73 F.3d 1448, 1453 (7th Cir. 1996), Bush v. United States, 703 F.2d 491, 495 (11th Cir. 1983). In Murrey v. United States, the Seventh Circuit held that "the administrative claim must narrate facts from which a legally trained reader would infer a failure to obtain informed consent." Murrey, 73 F.3d at 1453. The Murrey court reasoned that an administrative claim asserting a claim for medical malpractice must "include, or at least allude to, the issue of informed consent" in order to satisfy the presentment requirement for a lack of informed consent claim because negligent medical malpractice and lack of informed consent "are distinct grounds of liability arising from distinct facts." Id. at 1451. The Court concluded that, in Murrey's case, "the informed consent claim would leap out at the legally sophisticated reader" because Murrey indicated in the administrative claim that he was very frightened of surgery but the doctors nevertheless encouraged him to undergo surgery rather radiation treatment. Id. at 1453. In Goodman v. United States, the Ninth Circuit explicitly rejected the broad rule of Franz v. United States and adopted an approach "not inconsistent with the Seventh Circuit's approach [in Murrey v. United States]." Goodman, 286 F.3d at 1056. The Goodman Court determined that the plaintiff's administrative claim satisfied the presentment requirement, finding that the "government well understood" that the plaintiff alleged a lack of informed consent claim because it expressly addressed the issue of informed consent in denying the plaintiff's administrative claim. Id. at 1056.

The Tenth Circuit, in a case involving facts similar to those alleged here, also rejected

the Frantz per se rule and adopted a case-by-case approach.  In Staggs v. United States, the plaintiff filed an administrative claim alleging negligent management of a pregnancy, negligent management of labor, and negligent treatment of the newborn, who was born with numerous severe disabilities following a Caeserian section delivery.  Staggs, 425 F.3d at 883.  After the administrative claim was denied, the plaintiff initiated an action in federal district court and added a claim for lack of informed consent.   The plaintiff argued that failure to obtain informed consent was implicit in the language of her administrative claim, which alleged "a substantial departure from the standard of care" and the "negligent mismanagement of her pregnancy and labor."  Id.  However, because "[n]othing in Staggs' administrative claim suggests that Staggs consented to a course of treatment or remained on such a course without being informed of her options and the risks," id. at 884-85, the Staggs Court concluded that "Staggs' administrative claim lacks facts and circumstances sufficient to raise the possibility of lack of informed consent."  Id.

In sum, the Court's review of the appellate opinions from other circuits reveals a majority rule that holds that a lack of informed consent claim does not automatically inhere in an administrative claim alleging negligent medical malpractice.  Rather, a case-by-case analysis is required to determine whether the administrative claim provided the Government with sufficient notice of a latent lack of informed consent claim.  The contrary rule pronounced in Franz is both a minority rule and one that depends in part on the distinct nature of a different jurisdiction's lack of informed consent claim.  Although the Second Circuit has not specifically addressed the FTCA's presentment requirement in the context of a lack of informed consent claim, it has instructed the district courts of this circuit generally that a plaintiff's administrative claim must provide the government with "a reasonable opportunity to investigate" a claim in order to satisfy the presentment requirement.  Romulus, 160 F.3d at 132.  Accordingly, the Court considers whether the particular

Administrative Claim at issue here provided sufficient notice to the Government that it should investigate the facts relevant to a lack of informed consent claim.

The Administrative Claim was replete with allegations of various omissions by ODA and Dr. Wind during prenatal care, delivery and neonatal care, and was therefore adequate to prompt an investigation into the treatment decisions made by the relevant personnel and their consequences for M.A.R.  However, the Administrative Claim provided no notice that Reisz believed M.A.R. was injured by a procedure that was performed or a treatment that was given that Reisz would have refused had she been adequately informed, which is the necessary factual premise for a lack of informed consent claim under New York law.  The Administrative Claim was therefore inadequate to provide notice to the Government that it had to investigate what information was given to Reisz and whether she either provided her informed consent to the procedures that were performed or whether, under the circumstances, her informed consent was not required.[5]  Accordingly, in light of the presentment requirement as defined in Romulus and the particular elements of the lack of informed consent claim under New York law, the Court concludes that Plaintiff did not allege facts and circumstances in the Administrative Claim sufficient to put the Government on notice that Plaintiff might subsequently assert a lack of informed consent claim.

Accordingly, the Court lacks subject matter jurisdiction of the claim and it is dismissed.

## CONCLUSION

Defendant United States of America's motion to dismiss Plaintiff's lack of informed consent claim is granted.  The Clerk of Court and the parties are directed to take the steps set forth in

---

[5] Under New York law, health care providers are not required to receive the patient's informed consent for procedures performed in emergency situations.  N.Y. Pub. Health L. § 2805-d(2).

footnote 1 above to comply with Federal Rule of Civil Procedure 5.2.

The parties are directed to appear at the conference scheduled in this action on **Friday, December 11, 2009,** at **11:30 a.m.** The parties shall file, with a courtesy copy to the Chambers of the undersigned, an updated Joint Preliminary Pre-Trial Statement by **Friday, December 4, 2009.** This Order resolves docket entry no. 24.

SO ORDERED.

Dated: New York, New York
       November 17, 2009

LAURA TAYLOR SWAIN
United States District Judge